IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD MOLCZYK, | ) | CASE NO. |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| CANADIAN NATIONAL RAILROAD | ) | **AND** |
| CORPORATION, a corporation, GRAND | ) | **JURY DEMAND** |
| TRUNK CORPORATION, a corporation, | ) | |
| ILLINOIS CENTRAL RAILROAD, a | ) | |
| corporation, and CHICAGO, CENTRAL, | ) | |
| & PACIFIC RAILROAD COMPANY, | ) | |
| a corporation | ) | |
| | ) | |
| Defendants | ) | |

COMES NOW, Plaintiff and for his Complaint against the Defendants states and alleges as follows:

### JURISDICTION

.   This Court has jurisdiction over the claims of the Plaintiff pursuant to 28 *U.S.C. §* 1332 and 45 *U.S.C. § 51*, the Federal Employer's Liability Act.

### GENERAL ALLEGATIONS

1.   Plaintiff Richard Molczyk is a citizen and a resident of Omaha, Douglas County, Nebraska.  Plaintiff has worked for railroads in the United States since on or about March 3, 1991.  Specifically, Plaintiff contracted to work for Defendants herein as a train conductor on or about September 6, 1994.

2.   Defendant Canadian National Railroad (hereinafter, "CN"), is a Canadian

corporation with its principal place of business located at 935 de La Gauchetière Street West, Montreal, Quebec, H3B 2M9.  CN is a corporation that owns and operates extensive rail lines in both the United States and Canada, and was operating as a railroad and owner of the grade crossing at issue in this Complaint.

3.  Defendant Grand Trunk Corporation (hereinafter, "GT"), is a Delaware corporation which, upon information and belief, operates as a subsidiary of CN.  GT's principal place of business located at 2800 Livernois Road, Suite 200, Troy, MI 48083, and was operating as a railroad and owner of the grade crossing at issue in this Complaint.

4.  Defendant Illinois Central Railroad Company (hereinafter, "IC"), is a Delaware corporation with a business address of 208 SO LaSalle Street, Suite 814, Chicago, Illinois, 60604, and was operating as a railroad and owner of the grade crossing at issue in this Complaint.

5.  Defendant Chicago Central and Pacific Railroad (hereinafter, "CC&P"), is a Delaware corporation with its principal place of business located at  935 de La Gauchetière Street West, Montreal, Quebec, H3B 2M9, and was operating as a railroad and owner of the grade crossing at issue in this Complaint.

6.  Plaintiff Richard Molczyk was an employee of CN on October 4, 2012.

7.  On said date, the Plaintiff was working on a train as a conductor on railroad lines owned and operated by CN and its subsidiary Defendants, as described above.  The train Plaintiff was conducting was approximately one thousand seven hundred (1,700) feet long.  The locomotive pulling the train, upon orders from Defendants, was attached to the train at its front and leading with its rear, a practice Plaintiff had expressed to Defendants that he disliked because of the dangers involved.  The Plaintiff was aware of the fact that warning horns sounds are diminished when trains are operated in this manner because the loudest sounds emit from the

front of the locomotive's engine, rather than the rear.  The Defendants ordered that the locomotive pull the train in a backward position because, in Defendants' opinion, there was not a convenient place to turn the locomotive around en route.

8. The train on which Plaintiff was working passed through Dunlap, Iowa, at approximately thirty-eight (38) miles per hour, which, upon information and belief, was approximately two (2) miles below the standards imposed upon train engineers by Defendants.

9. At or around 8:00 A.M. on Friday, October 4, 2012, the train Plaintiff occupied sounded its horns as it approached an unmarked/unguarded railroad crossing near the outskirts of Dunlap, Iowa, when he witnessed a pickup truck approaching the aforementioned unguarded crossing at Remsen Street.

10. Plaintiff yelled at the engineer with whom he was working to halt the train in an effort to avoid colliding with the pickup truck, but the train was unable to stop in time.

11. Despite efforts to stop the train, a collision occurred, which caused Plaintiff to fear for his life.  The collision between the train and the pickup truck was so forceful that the pickup truck flew into the air and appeared to Plaintiff to be coming straight at the window of the locomotive, causing Plaintiff to believe that his life was in danger.  The pickup truck, by happenstance, slid by the locomotive, missing the cab inhabited by Plaintiff by a slim margin.

12. The driver of the pickup truck (there were no passengers), Jason Hoffman, was a seventeen-year-old high school senior who, at the time of the collision, was en route to school at Boyer Valley Senior High.  Mr. Hoffman was seriously injured in the collision and died two months later as a result of the injuries he suffered in this event.

13. Plaintiff attempted to assist Mr. Hoffman at the scene of the accident.  The pickup truck and area surrounding Mr. Hoffman were, in Plaintiff's opinion, saturated with oil and gasoline, which Plaintiff feared would ignite and result in burns and/or other injuries to Plaintiff.

Townspeople arrived at the scene and exhibited anger, hostility, and appeared threatening to Plaintiff because of Defendants' failure to install and maintain a proper warning device at this intersection and, therefore, proximately causing the collision described herein.

14. Upon learning of Mr. Hoffman's demise on or about December 29, 2012, Plaintiff was emotionally overwhelmed and was thus unable to leave his house, much less perform his duties as a train conductor for Defendants.

15. From the time of learning about Mr. Hoffman's death, Plaintiff has been diagnosed by two (2) separate psychological experts as suffering Post Traumatic Stress Disorder (hereinafter, "PTSD"), for which the Defendants herein have not acknowledged, nor have paid for treatment as prescribed by the Federal Employer's Liability Act (hereinafter, "FELA").

## COUNT I.

## NEGLIGENCE

16. The Plaintiff realleges and incorporates the allegations set forth in Paragraph Nos. 1 through 15 of this Complaint as fully set forth herein.

17. At approximately 8:00 a.m. on October 4, 2012, the Plaintiff Richard Molczyk was occupying the above-described train as a conductor in a safe and reasonable manner, as set forth by protocol prescribed by the Defendants. Defendants imposed a speed limit for its trains of forty (40) miles per hour, and the Federal Railroad Administration's records demonstrate that the train Plaintiff occupied at the time of the accident was traveling at a speed of just thirty-eight (38) miles per hour.

18. That the Defendants were negligent in that they neglected and refused to provide a reasonably safe working environment by failing to install and maintain an active crossing warning device at the intersection where the collision occurred, despite the fact that Defendants

were aware that this crossing had a history of vehicle/train collisions and that such warning devices were reasonable, achievable, and an effective deterrent to such collisions as a safety precaution.

19. Upon information and belief, multiple accidents occurred at this intersection in Dunlap, Iowa, for the reason that Defendants failed to install and maintain such a safety measure. Defendants' competitor, Union Pacific Railroad Corporation, maintains a railroad line which runs adjacent to Defendants' line and maintains a nearby crossing that is protected by flashing lights and barricades that descend as trains approach. No collisions occurred at the railroad crossing owned, operated, and maintained by Union Pacific Railroad Corporation during the period of time that at least three accidents occurred at crossing at issue, all of which resulted in fatality or bodily injury.

20. Upon information and belief, the railroad track owned and operated by Union Pacific Railroad Corporation accommodates fifty-six (56) trains daily at top speeds of seventy (70) miles per hour; however, the Dunlap, Iowa crossing on said track is fully equipped with lights, bells, and gates. However, the railroad crossing owned and operated by Defendants herein accommodated an average of four trains daily at Defendants' prescribed maximum speed of forty (40) miles per hour.

21. Upon information and belief, the Federal Railroad Administration's records demonstrate that as of October 4, 2012, there had never been an accident at the fully protected Union Pacific Railroad Corporation crossing in Dunlap, Iowa, whereas as of October 4, 2012, there had been at least two accidents at the unprotected crossing owned and operated by Defendants. According to the Federal Railroad Administration's records, the prior accidents at Defendants' crossing also included bodily injuries.

22. Upon information and belief, Defendants were aware of the fact that installing

fully protective equipment at railroad crossings prevent approximately ninety percent (90%) of all railroad grade crossing accidents.

23. Plaintiff continues to suffer from severe PTSD which substantially interferes with his ability to work and enjoy life.

24. Plaintiff's injuries were caused by the failure of Defendants, its agents, servants, and/or employees to use reasonable care to provide a safe working environment.

25. As a result of said injuries, Plaintiff has suffered great pain and mental anguish, and sustained monetary damages as a result of, but not limited to, his inability to work due to his diagnosis of PTSD.

26. As a result of said injuries, Plaintiff has suffered a loss of earning capacity and the ability to leave his home without severe anxiety, nor to engage in normal life activities.

27. As a result of the foregoing injuries contained in Counts 1 through 26, the Plaintiff has suffered damages for medical and psychiatric expenses, emotional distress and permanent injury in a fair and reasonable amount in excess of lost wages.

WHEREFORE the Plaintiff, Richard Molczyk, in order to fairly and justly compensate the Plaintiff and motivate the Defendants herein to provide safe working environments for its employees, as prescribed by FELA, prays for judgment against the Defendants in the amount of $5,000,000.00 for compensatory damages and punitive damages in an amount to be determined at trial.

## JURY DEMAND; DESIGNATION OF PLACE FOR TRIAL

Plaintiff respectfully demands trial by jury. Plaintiff designates Council Bluffs, Iowa as the place for trial.

DATED this 24th day of August, 2015.

RICHARD MOLCZYK, Plaintiff

By:   s/Thomas M. White
      Thomas M. White (NE #17452)
      Sara A. Larson (NE # 22154)
      WHITE & JORGENSEN
      209 South 19th Street, Suite 310
      Omaha, NE  68102
      (402) 346-5700
      (402) 346-5999 fax

      and

     s/William F. McGinn
     William F. McGinn
     McGinn McGinn Springer & Noethe
     20 N. 16th Street
     Council Bluffs, IA 51501